IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Tommy Dwayne Brown, ) | C/A No. 8:24-cv-04219-BHH-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Travis Newton, Dennis Bannister, ) | |
| South Carolina Judicial System, Mayor ) | |
| Elanor Dorn, ) | |
| ) | |
| Defendants.[1] ) | |
| ) | |

The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court. The plaintiff's complaint was entered on the docket on July 31, 2024 (doc. 1). The case is substantially in proper form for judicial screening. However, for the reasons that follow, it is recommended that this matter be summarily dismissed.

**ALLEGATIONS**

The plaintiff, a pretrial detainee at the Anderson County Detention Center ("the Detention Center"), seeks injunctive relief and money damages from the defendants (docs. 1; 1-3). The plaintiff alleges that Travis Newton, Esquire, has not defended him appropriately (doc. 1 at 1). The plaintiff contends that he paid Mr. Newton for a tire for his daughter's car and that Mr. Newton never checked the surveillance footage or the evidence

---

[1] This caption has been updated to reflect the current parties to this action, as set forth on the plaintiff's complaint form (doc. 1-3).

and although the charge was dropped, the plaintiff had to pay his daughter $200 for the tire (*id*.). The plaintiff also asserts that Mr. Newton convinced the plaintiff to hire him because the system would work against the plaintiff, but Mr. Newton has given the plaintiff only bad advice (like withdrawing his complaint against the allegedly corrupt Judge Bannister) (*id*. at 2). Mr. Newton's secretary also told the plaintiff that the law signed by Governor McMaster meant he could carry a gun, but he has still been arrested multiple times for unlawful carry of a weapon (*id*.).

The plaintiff also alleges that his rights have been violated because the Mexican cartel has been given immunity (doc. 1-3 at 1). The plaintiff's right to a fair trial, right to information, and right to be free of excessive force have also been violated (*id*.). The plaintiff also alleges violations of his rights because he has not been recognized as a vigilante who was acting because the City of Belton refused to (*id*. at 4). The plaintiff also had to act as a vigilante because of the allegedly corrupt Judge Bannister (*id*. at 4, 5).

The plaintiff's injuries include being incarcerated, mental damages, and hardship (docs. 1 at 1; 1-3 at 6). For relief, the plaintiff seeks money damages, to have Mr. Newton disbarred, to have Judge Bannister removed from the bench, and for judicial reform (docs. 1 at 1; 1-3 at 6). Of note, the plaintiff's complaint references an attachment that was not provided to the court (*see* doc. 1-3 at 5).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the

full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## **DISCUSSION**

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages and injunctive relief from the defendants. As outlined below, the plaintiff's complaint is subject to summary dismissal. As an initial matter, many of the claims asserted in this action have also been asserted in other actions filed by the plaintiff in this court (nine in total) – and in one of his prior cases, he has already been informed that

3

his claims are subject to dismissal (and that some are frivolous in nature). *See e.g.*, *Brown v. Anderson Cnty. Sheriff's Dep't*, C/A No. 8:24-cv-04392-BHH-KFM, at doc. 12 (D.S.C. Sept. 11, 2024) (noting that the plaintiff's various claims were subject to summary dismissal and providing the plaintiff the opportunity to amended his allegations to correct the deficiencies noted in the order). Some of the duplicative claims have been addressed on the merits in this matter; however, the plaintiff is informed that continuing to file duplicative and numerous cases in this court may lead to the imposition of prefiling restrictions. *See Noonsab v. U.S. Dist. Ct. for the E. Dist. of N.C.*, C/A No. 5:16-CT-3112-FL, 2016 WL 9077878, at *2 (E.D.N.C. June 27, 2016) (warning a *pro se* plaintiff that unnecessary and excessive filings impede judicial efficiency and the administration of justice).

**South Carolina Judicial System**

The South Carolina Judicial System is subject to dismissal because it is not a person that may be sued pursuant to § 1983 (*see* docs. 1; 1-3). It is well settled that only "persons" may act under color of state law; thus, a defendant in a § 1983 action must qualify as a "person." *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001). Further, inanimate objects or groups of people, such as departments, buildings, facilities, and grounds cannot act under color of state law. *See also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a state nor its officials acting in their official capacities are 'persons' under § 1983."). The South Carolina Judicial System is not a "person"; thus, it is subject to summary dismissal. *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building – the detention center – is not amenable to suit under § 1983).

**No Personal Allegations**

The plaintiff's complaint fails to make personal allegations of wrongdoing against defendant Mayor Elanor Dorn (*see* docs. 1; 1-3). Indeed, it is unclear in what capacity Mayor Dorn was involved in the plaintiff's alleged constitutional deprivations.

Although the plaintiff's allegations must be liberally construed, the plaintiff must provide more than general and conclusory statements to allege a plausible claim for relief. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (noting that liability under § 1983 "requires personal involvement"). As such, Mayor Dorn is entitled to summary dismissal.

Even construing the plaintiff's complaint as asserting a claim for municipal liability against Mayor Dorn (and presuming Mayor Dorn was a proper party for a municipal liability claim), his claim still fails. As an initial matter, municipalities and other local governing bodies are considered "persons" and may be sued under Section 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). However, a county or city cannot be held liable pursuant to *respondeat superior* principles. *Iqbal*, 556 U.S. at 676. "[N]ot every deprivation of a constitutional right will lead to municipal liability. Only in cases where the municipality causes the deprivation 'through an official policy or custom' will liability attach." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citing *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999)). As the Court of Appeals for the Fourth Circuit has stated:

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest [s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Id*. (quoting Carter, 164 F.3d at 217). Additionally, under *Monell*, municipal liability arises "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal policy or custom." *Walker v. Prince George's Cnty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (internal quotation marks and citations omitted). Here, as outlined in more detail below, the plaintiff has failed to allege any constitutionally offensive action by an individual defendant. *See Evans v. Chalmers*, 703 F.3d 636, 654–55 (4th Cir. 2012) (noting that when a plaintiff fails to state a § 1983 claim against individual officers, claims

5

based upon supervisory and/or *Monell* liability also fail). As such, the plaintiff's claims against Mayor Dorn are subject to summary dismissal even if considered under *Monell*.

### *Judge Bannister*

The plaintiff alleges that Judge Bannister is corrupt purportedly based on his rulings in the plaintiff's state criminal cases (docs. 1 at 2; 1-3 at 4). It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). The allegations as to Judge Bannister concern his judicial actions; as such, judicial immunity squarely applies and any claims against him should be dismissed. As such, the plaintiff's claims against Judge Bannister are subject to summary dismissal.

### *Travis Newton, Esquire*

The plaintiff's assertions that Mr. Newton has not represented him well and gave him bad advice when representing him (docs. 1 at 1–2; 1-3 at 6) are subject to summary dismissal because Mr. Newton does not act under color of state law. It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (internal citation omitted). To determine whether state action is present, no single factor is determinative

6

and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341–43 (4th Cir. 2000). However, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).

The law is well-established that a privately-hired, pro bono, or appointed defense counsel, such as Mr. Newton, is not a state actor for purposes of § 1983 claims because defense counsel acts not on behalf of the state; rather, defense counsel "is the State's adversary." *Polk Cnty. v. Dodson*, 454 U.S. 312, 322–23 & n.13 (1981); *see Mahaffey v. Sumter Cnty. Pub. Defender's Corp.*, C/A No. 3:06-3557-SB, 2007 WL 3001675, at *4 (D.S.C. Oct. 9, 2007) ("[T]he Sumter County Public Defender's Corp. did not act under color of state law and is entitled to summary dismissal."); *see also Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (finding no state action under § 1983, even where the plaintiff's attorney was court-appointed). As such, Mr. Newton is subject to summary dismissal.

### *Frivolous*

Some of the plaintiff's claims are subject to dismissal because they are frivolous in nature. For example, the plaintiff's assertions that the defendants are working with and allowing the Mexican Cartel to sell drugs and have failed to recognize the plaintiff as a lawful vigilante (docs. 1 at 1–2; 1-3 at 4, 6) are clearly frivolous in nature. Similarly, the plaintiff's allegations surrounding an incident with him, his daughter, and Mr. Newton involving a tire, as well as assertions regarding representations made by Mr. Newton's secretary about the plaintiff's entitlement to carry a weapon are likewise frivolous, meritless, and fantastical in nature. It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams*, 40 F.3d at 74; *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and*

*Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even when reviewed in a light most favorable to the plaintiff, the amended complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. *See Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). As outlined above, the plaintiff's allegations that the defendants are working with the Mexican cartel to sell drugs, that he was a lawful vigilante, that he had to pay for a tire for his daughter twice because Mr. Newton did not investigate, and that Mr. Newton's secretary gave him bad information about his ability to lawfully carry a weapon, are clearly frivolous

8

and lack a basis in the law. As such, the plaintiff's claims in this action are also subject to summary dismissal as frivolous.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss this action without prejudice, without leave to amend, and without issuance and service of process.[2]  *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

September 18, 2024
Greenville, South Carolina

---

[2] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).