IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tommy Dwayne Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:24-cv-4219-BHH |
| v. ) | |
| ) | |
| Travis Newton, Dennis Bannister, ) | **ORDER** |
| South Carolina Judicial System, ) | |
| Mayor Elanor Dorn, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Tommy Dwayne Brown's pro se ("Plaintiff") complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On September 18, 2024, the Magistrate Judge issued a report and recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss this action without prejudice, without leave to amend, and without issuance and service of process. (ECF No. 15.) In the Report, the Magistrate Judge explained that many of Plaintiff's claims are duplicative to claims made in other actions and that the South Carolina Judicial System is not a "person" amenable to suit under § 1983. The Magistrate Judge also explained that Plaintiff's complaint fails to include allegations of wrongdoing against Mayor Elanor Dorn; judicial immunity applies to Plaintiff's claims against Judge Bannister; and Plaintiff's claims against Travis Newton, Esq., are subject to dismissal because Newton was not acting under color of state law. Lastly, the Magistrate Judge also explained that some of Plaintiff's claims are subject to dismissal because they are frivolous in nature.

Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis. **Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 15), and the Court summarily dismisses this action without prejudice, without leave to amend, and without issuance and service of process.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

October 8, 2024
Charleston, South Carolina